UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAURICE OPARAJI,<br><br>Plaintiff,<br><br>v.<br><br>NORTH EAST AUTO-MARINE TERMINAL, A.T.I. USA, HUAL NORTH AMERICA, INC.,<br><br>Defendant | Civ. Action No. 04-6445 (KSH)<br><br>Order on Application for Order to Show Cause and Application to Proceed without Payment of Fees |

**KATHARINE S. HAYDEN, U.S.D.J.**

Plaintiff, who has appeared *pro se* in prosecuting his claims against the defendants, seeks: (1) under Fed. R. Civ. P. 59 and 60, relief from the verdict of the jury after a full trial on the merits of the claim; (2) under Fed. R. Civ. P. 65, emergent relief enjoining the operation of an Order this Court entered respecting the return to him of a 1983 International Truck that has been housed on defendants' premises without cost to plaintiff since May 2004; and (3) a ruling that he is entitled to a waiver of costs on appeal by virtue of indigency.

With respect to the motions under Fed. R. Civ. P. 59 and 60, defendants shall file opposition to plaintiff's submissions on or before November 8, 2007. The Court will decide the motions on the papers.

With respect to emergent relief, under Fed. R. Civ. P. 65, "[a] party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist., 386 F.3d 514, 524 (3d Cir. 2004) (internal quotations omitted). If the party cannot "demonstrate either a likelihood of success or irreparable harm, . . . an injunction should not be granted." IDT Telecom, Inc. v. CVT Prepaid Solutions, Inc., 2007 U.S. App. LEXIS 23709 (3d Cir. Oct. 9, 2007).

The effect of granting emergent relief would be to continue the status quo whereby defendants would continue to house plaintiff's property on their auto terminal at no cost to him. Plaintiff has offered no reason why his property should remain on defendants' premises pending further proceedings in this matter. The jury rejected in less than three hours of deliberations all of his claims against the defendants. These defendants have no further obligation to store this truck, and through an order of this Court, the United States Marshals Service will supervise the return. Plaintiff's papers do not support his assertion of irreparable harm. The only downside to plaintiff is

that he will have to assume responsibility for his property. Return of the truck has no impact on the course of appellate proceedings, since plaintiff is seeking money, not injunctive relief, in this lawsuit. As such, plaintiff has failed to establish the first three elements, and in this private litigation, there is no showing relevant to the public interest. Thus, plaintiff meets none of the relevant factors, all of which must be established.

Finally, as to his application to proceed without prepayment of fees or costs on appeal, the Court reviews the application for a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995). Plaintiff has represented in answer to Question 6, which inquires about those persons dependent upon him for support and how much he contributes to their support, as follows: "Son—Prince Oparaji." When he summed up at the trial, defendant told the jurors: "I have eight children. I have to feed them and I have to educate them." (Trial transcript, day 3, 192: 4-6.) Plaintiff was either deliberately misleading the jurors then, or he is deliberately misleading the Court now. Further, where plaintiff in Question 2(b) claims that "because of this litigation," he has received "no business for the past 12 months," the claim strains belief. Plaintiff never claimed loss of income for the past 12 months on account of this lawsuit when he laid out his damages to the jury. This is a straight-forward civil suit that took 3 days to try. The pretrial order was entered December 12, 2005. A one-day arbitration was conducted on December 21, 2006. Thereafter, plaintiff took no depositions and no depositions were taken of him or any other witness by defendants. This Court, which sat on the trial, does not accept this plaintiff's unsupported claim that he has been unable to get business over the last 12 months due to this proceeding. As such, his claims of indigency, especially in light of the stark inconsistency about his support responsibilities, are rejected and his application to proceed without payment of fees is denied.

Good cause appearing from the foregoing,

It is on this 29th day of October, 2007

**ORDERED** that defendants shall file opposition to plaintiff's order to show cause (docket entry #60-3); and it is further

**ORDERED** that plaintiff's application for emergent relief is **denied** (docket entry # 60-3). The terms of this Court's Amended Order of October 23, 2007 (docket entry # 56), remain in full force and effect; and it is further

**ORDERED** that plaintiff's application to proceed without prepayment of fees on account of indigency (Docket entry # 58) is **denied**.

KATHARINE S. HAYDEN
UNITED STATES DISTRICT JUDGE